### In the Matter of John R. SPRINGER, Respondent.

### No. 77S00–1006–DI–372.

Supreme Court of Indiana.

Sept. 12, 2011.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** On February 11, 2010, while serving as chief deputy prosecutor in Sullivan County, Respondent was arrested for operating a vehicle while intoxicated ("OWI"), and he later pled guilty to OWI in a manner that endangers a person, a class A misdemeanor. He was sentenced to one year in jail (with all but six days suspended), fined, and placed on probation, which he has completed successfully. He was suspended from the prosecutor's office without pay for 30 days.

The parties cite no facts in aggravation. The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history; (2) Respondent self-reported his arrest and conviction to the Commission; (3) Respondent contacted the Indiana Judges and Lawyers Assistance Program ("JLAP") after his guilty plea, and with JLAP's approval, sought and completed treatment through the Vigo County Alcohol and Drug Program; and (4) Respondent had no other OWI arrests or convictions.

**Violation:** The parties agree that Respondent violated Indiana Professional Conduct Rule 8.4(d), which prohibits engaging in conduct prejudicial to the administration of justice.

**Discipline:** The parties propose the appropriate discipline is a public reprimand. The Court, having considered the submissions of the parties, now approves the agreed discipline and imposes **a public reprimand** for Respondent's misconduct. The costs of this proceeding are assessed against Respondent.

The Clerk is directed to forward a copy of this Order to the parties or their respective attorneys and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.